# NOTE

**State of Pennsylvania**

AUGUST 21, 2009                                          LEWISVILLE, TX 75067
[Date]

1023 SPRING GARDEN AVE, BERWICK, PA 18603
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
NATIONSTAR MORTGAGE LLC

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
SIXTY ONE THOUSAND NINE HUNDRED FOUR & 00/100

Dollars (U.S. $      61,904.00      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of      FOUR AND 750/1000
percent (      4.750      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) **Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
OCTOBER 1      ,  2009      . Any principal and interest remaining on the first day of      SEPTEMBER      ,
2039      , will be due on that date, which is called the "Maturity Date."

(B) **Place**

Payment shall be made at      P.O. BOX 199400,
DALLAS, TX 75219-9077                                          or at such place as Lender may designate in writing by notice to Borrower.

(C) **Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $      322.93      . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) **Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Pennsylvania Fixed Rate Note - 10/95
Wolters Kluwer Financial Services
VMP®-1R(PA) (0707)
Page 1 of 2

Initials: LMA

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR & 00/100** percent ( **4.00** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. . Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.


This is a contract under seal and may be enforced under 42 PA. C.S. Section 5529(b).

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.


_Lisa M Anderson_ _____ (Seal)          _____ (Seal)
LISA M ANDERSON             -Borrower                                       -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                       -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                       -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                       -Borrower

"Pay to the order of

without recourse"

By _____

Nationstar Mortgage, LLC
Rusty Coffey, Document Signer

■

**COUNTY OF COLUMBIA**
**RECORDER OF DEEDS**
**Beverly J. Michael, Recorder**
**35 West Main Street**
**Bloomsburg, PA 17815**

**Instrument Number - 200908691**
**Recorded On 9/15/2009 At 3:52:54 PM**          * **Total Pages - 13**
* **Instrument Type - MORTGAGE**
   **Invoice Number - 136717**
* **Mortgagor - ANDERSON, LISA M**
* **Mortgagee - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC**
   **User - TSA**

* **FEES**

```
STATE WRIT TAX             $0.50
JCS/ACCESS TO JUSTICE     $10.00
AFFORDABLE HOUSING        $29.00
RECORDING FEES -          $29.00
RECORDER
RECORDER IMPROVEMENT       $3.00
FUND
COUNTY IMPROVEMENT FUND    $2.00
TOTAL PAID                $73.50
```

| |
|---|
| This is a certification page |
| **DO NOT DETACH** |
| This page is now part of this legal document. |

**RETURN DOCUMENT TO:**
MAIL CUSTOM RECORDING SOLUTIONS
2550 N RED HILL AVE
SANTA ANA, CA 92705-9822
ATTN: LENDER PROCESSING SERVICES



I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Columbia County, Pennsylvania.

Beverly J. Michael
Recorder of Deeds

*   * - Information denoted by an asterisk may change during
        the verification process and may not be reflected on this page.

Recording requested by: LSI
**When recorded return to :**
**Custom Recording Solutions**
**2550 N. Redhill Ave.** ▮▮▮▮
**Santa Ana, CA. 92705**▮
**800-756-3524 Ext. 5011**
~~Recording requested by: LSI~~

Prepared By:
Sarah Fry
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DR, 1ST FL FINAL DOCS
LEWISVILLE, TX 75067

~~Return To:~~
First American RES
ATTN: Nationstar Mortgage Tracking
450 E. Boundary Street
Chapin, SC 29036

Parcel Number: **$04C-02-063**

Premises: SPRING GARDEN AVE BERWICK, PENNSYLVANIA 18603

---

Commonwealth of Pennsylvania ————————————{Space Above This Line For Recording Data}

# MORTGAGE ▮▮▮▮▮▮▮▮▮▮

THIS MORTGAGE ("Security Instrument") is given on ▮▮▮▮▮▮▮▮▮▮
The Mortgagor is
LISA M ANDERSON

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee.
MERS is organized and existing under the laws of Delaware, and MERS has a mailing address of P.O. Box
2026, Flint, MI 48501-2026 and a street address of 3300 S.W. 34th Avenue, Suite 101, Ocala, FL 34474. The
MERS telephone number is (888) 679-MERS.

NATIONSTAR MORTGAGE LLC
("Lender") is organized and existing under the laws of **THE STATE OF DELAWARE** , and

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: LmA     Page 1 of 11

has an address of   **350 HIGHLAND DRIVE**
                    **LEWISVILLE, TX 75067-4177**
Borrower owes Lender the principal sum of **SIXTY ONE THOUSAND NINE HUNDRED FOUR**
**& 00/100**                               Dollars (U.S. $      **61,904.00**    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
        **SEPTEMBER 1, 2039**                    . This Security Instrument secures to Lender: (a) the
repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of
the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security
of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to
MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns
of MERS, the following described property located in      **COLUMBIA**
County, Pennsylvania:                                *Exhibit*
**All that tract or parcel of land as shown on** ~~Schedule~~ **"A" attached hereto**
**which is incorporated herein and made a part hereof.**

which has the address of      **1023 SPRING GARDEN AVE**                        [Street
        **BERWICK**                          [City], Pennsylvania   **18603**     [Zip Code]
("Property Address");
        TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also
be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the
"Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by
Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for
Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including,
but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender
including, but not limited to, releasing or canceling this Security Instrument.
        BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has
the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for
encumbrances of record. Borrower warrants and will defend generally the title to the Property against all
claims and demands, subject to any encumbrances of record.

FHA Mortgage with MERS - PA                                    Revised 4/96 Amended 6/02
VMP®                                                           VMP4N(PA) (0806).00
Wolters Kluwer Financial Services                Initials: _LmA_         Page 2 of 11

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

---

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: LMA    Page 3 of 11

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0808).00
Initials: LM Page 4 of 11

occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Page 5 of 11

Initials: LMX

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: LM JK          Page 6 of 11

on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

---

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: _____ Page 7 of 11

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.**

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: _____ Page 8 of 11

Case 5:19-bk-00347-RNO    Doc 41-2    Filed 02/13/20    Entered 02/13/20 13:31:42    Desc
Exhibit    Page 12 of 26

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider  ☐ Growing Equity Rider  ☒ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider  **LEGAL**

FHA Mortgage with MERS - PA
VMP8
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
Initials: _____  VMP4N(PA) (0806).00
Page 9 of 11



**Exhibit A**

LEGAL DESCRIPTION

The following described property:

Situate in the Borough of Berwick, County of Columbia and State of Pennsylvania, bounded and described as follows, to wit:

Beginning at the Southwesterly corner of lot now or late of George Ludwig on the Northerly side of Spring Garden Avenue; thence North 70 degrees 20 minutes West, along Spring Garden Avenue, a distance of 43 feet; thence along land now or late of Bruce C. Dent and Jeanette M. Dent, his Wife, North 20 degrees East, a distance of 90 feet; thence South 70 degrees 20 minutes East a distance of 43 feet to lot now or late of George Ludwig; thence along said lot South 20 degrees West a distance of 90 feet to the place of beginning.

Being the Southerly Half of the Fourth lot West of an alley which alley runs along the Westerly line of land of St. Paul's Evangelical Church, according to draft of "Martha L. Ferris lots, Orange Street, Borough of Berwick-Boyd Trescott, Registered Engineer, October 23, 1931."

Assessor's Parcel No:     04C-02-063

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _Lisa M Anderson_ (Seal)
                                         LISA M ANDERSON            -Borrower

_____        _____ (Seal)
                                                                        -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
VMP4N(PA) (0806).00
Initials: LMA    Page 10 of 11

**COMMONWEALTH OF PENNSYLVANIA,**  COLUMBIA  County ss:

On this, **21st** day of **AUGUST, 2009**  , before me, the undersigned officer, personally appeared

**LISA M ANDERSON**

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

_1/30/2013_

_Sheri Stewart-Buckmaster_
Title of Officer

Sherri Stewart-Buckmaster

NOTARIAL SEAL
SHERRI STEWART-BUCKMASTER
Notary Public
RINGTOWN BORO, SCHUYLKILL COUNTY
My Commission Expires Jan 30, 2013

**Certificate of Residence**

I, ~~Tymia C Gunn~~ TYMIA C GUNN , do hereby certify that the correct address of the within-named Mortgagee is 3300 S.W. 34th Avenue, Suite 101, Ocala, FL 34474, P.O. Box 2026, Flint, MI 48501-2026.

Witness my hand this 21st day of August 2009

X _(signature)_
Agent of Mortgagee

---

FHA Mortgage with MERS - PA
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 6/02
MP4N(PA) (0806).00
Initials: LMA    Page 11 of 11



COUNTY OF COLUMBIA
RECORDER OF DEEDS
Brenda S. Lupini, Recorder
35 West Main Street
Bloomsburg, PA 17815

Instrument Number - 201307336
Recorded On 8/5/2013 At 11:11:41 AM

\* Total Pages - 3

\* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 179369
\* Grantor - ANDERSON, LISA M
\* Grantee - NATIONSTAR MORTGAGE LLC
User - VAM

\* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $23.50 |
| RECORDING FEES - RECORDER | $13.50 |
| RECORDER IMPROVEMENT FUND | $3.00 |
| COUNTY IMPROVEMENT FUND | $2.00 |
| TOTAL PAID | $42.50 |

This is a certification page

**DO NOT DETACH**

This page is now part
of this legal document.

RETURN DOCUMENT TO:
MAIL NATIONWIDE TITLE CLEARING
2100 ALT 19
PALM HARBOR, FL 34683-9886

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Columbia County, Pennsylvania.



Brenda S. Lupini
Recorder of Deeds

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

Prepared By / Return To:
E.Lance/NTC, 2100 Alt. 19 North,
Palm Harbor, FL 34683

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE LLC, ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS PO BOX 2026, FLINT, MI, 48501, (ASSIGNOR), (MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834) by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 (469)549-2000.

Said Mortgage is dated 08/21/2009, in the amount of $61,904.00, made by LISA M. ANDERSON to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE LLC, recorded on 09/15/2009, in the Office of the Recorder of Deeds of COLUMBIA County, Pennsylvania, in Book , Page , and/or Document # 200908691. ✓

Property is commonly known as: 1023 SPRING GARDEN AVE BORO. OF BERWICK, BERWICK, PA 18603.

Dated on 7 / 24 /2013 (MM/DD/YYYY)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE LLC, ITS SUCCESSORS AND ASSIGNS

By: _Jessica Sheetz_
Jessica Sheetz
ASST. SECRETARY

All Authorized Signatories whose signatures appear above are employed by NTC and have reviewed this document and supporting documentation prior to signing.

PAGE 1

STATE OF FLORIDA COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on ___7, 24___ /2013 (MM/DD/YYYY), by Jessica Sheetz as ASST. SECRETARY for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE LLC, ITS SUCCESSORS AND ASSIGNS, who, as such ASST. SECRETARY being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Assignment of Mortgage from:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONSTAR MORTGAGE LLC, ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS PO BOX 2026, FLINT, MI, 48501, (ASSIGNOR), (MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834)
to:
NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 (469)549-2000

Mortgagor: LISA M. ANDERSON

When Recorded Return To:
Nationstar Mortgage LLC
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

All that certain lot or piece of ground situated in
Mortgage Premise: 1023 SPRING GARDEN AVE BORO OF BERWICK
BERWICK, PA 18603
COLUMBIA
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, Jessica Sheetz , hereby certify that the below information and address for the assignee are correct:
NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 (469)549-2000

By: _____
Jessica Sheetz ASST. SECRETARY

All Authorized Signatories whose signatures appear above are employed by NTC and have reviewed this document and supporting documentation prior to signing.



PAGE 2



**COUNTY OF COLUMBIA**
**RECORDER OF DEEDS**
Brenda S. Lupini, Recorder
35 West Main Street
Bloomsburg, PA 17815

**Instrument Number - 201605649**
**Recorded On 7/22/2016 At 2:15:29 PM**          * Total Pages - 7
* **Instrument Type - MORTGAGE - MODIFICATION**
**Invoice Number - 206215**
* **Mortgagor - ANDERSON, LISA M**
* **Mortgagee - NATIONSTAR MORTGAGE LLC**
**User - TSA**

* **FEES**

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| RECORDING FEES - RECORDER | $17.00 |
| RECORDER IMPROVEMENT FUND | $3.00 |
| COUNTY IMPROVEMENT FUND | $2.00 |
| TOTAL PAID | $22.50 |

---

This is a certification page

**DO NOT DETACH**

This page is now part
of this legal document.

---

**RETURN DOCUMENT TO:**
MAIL CORPORATION SERVICE CO
PO BOX 3008
TALLAHASSEE, FL 32315-9905
ATTN: DOCUMENT RECORDING SERVICES

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Columbia County, Pennsylvania.



Brenda S. Lupini
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

After Recording Return To:
Return to:
Document Recording Services
P.O. Box 3008
Tallahassee, FL 32315-3008

This Document Prepared By:
*Ruth Daniel*
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

Parcel ID Number: 04C-02-063

_____ [Space Above This Line For Recording Data]

Original Recording Date: September 15, 2009
Original Loan Amount: $61,904.00
New Money: $3,435.85

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 25th day of May, 2016, between **LISA M. ANDERSON** whose address is **1023 SPRING GARDEN AVE, BERWICK, PA 18603** ("Borrower") and **NATIONSTAR MORTGAGE LLC** which is organized and existing under the laws of **The United States of America**, and whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **August 21, 2009** and recorded in Book/Liber N/A, Page N/A, Instrument No: **200908691** and recorded on **September 15, 2009**, of the Official Records of **COLUMBIA County, PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**1023 SPRING GARDEN AVE, BERWICK, PA 18603,**
(Property Address)

the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2016**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$58,553.61**, consisting of the unpaid amount(s) loaned to

8300h 11/12

*(page 1 of 5)*

Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.875%**, from **August 1, 2016**. Borrower promises to make monthly payments of principal and interest of U.S. **$275.34**, beginning on the **1st** day of **September, 2016**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **August 1, 2046** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in COLUMBIA County, PA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $55,117.76. The principal balance secured by the existing security instrument as a result of this Agreement is $58,553.61, which amount represents the excess of the unpaid principal balance of this original obligation.

9. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).


Lisa M Anderson _____ (Seal)
**LISA M. ANDERSON** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

COMMONWEALTH OF PENNSYLVANIA, _____Columbia_____ County ss:

On this, the 6th day of _____July_____, 20 16, before me, Notary Public, personally appeared **LISA M. ANDERSON**, satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires:_____8 28 17_____

_____
Signature of Notary

Notary Public
Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Alan J. Kost, Notary Public
Butler Township, Luzerne County
My Commission Expires August 28, 2017

HUD MODIFICATION AGREEMENT
8300h 11/12

(page 3 of 5)

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender

Name: _Ruth Daniel_

Title: **Assistant Secretary**

_07/13/2016_

Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX

County of Dallas

Before me _Trina Y Gibson_ /Notary Public (name/title of officer) on this day personally appeared _Ruth Daniel_, the Assistant Secretary of Nationstar Mortgage LLC, known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _13th_ day of _July_, A.D. _2016_.

_Trina Y Gib_

Signature of Officer

Notary Public

Title of Officer

My Commission expires : _11-14-16_

TRINA Y. GIBSON
Notary Public, State of Texas
My Commission Expires
November 14, 2016

## CERTIFICATE OF RESIDENCE

I, _Ruth Daniel_
Agent of Lender, do hereby certify that:

(1) I am employed as a _assistant secretary_ by Nationstar Mortgage LLC ("Nationstar"), the servicer for the mortgage loan referenced herein. I have personal knowledge of the facts contained in this certificate as follows: I am familiar with the systems of record that Nationstar uses to record and create information related to the residential mortgage loans that it services, including the processes by which Nationstar obtains the loan information in those systems. While many of those processes are automated, the information manually entered by Nationstar employees relating to loans on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of its business as a loan servicer and Nationstar relies on the records in the ordinary course to conduct its business as a loan servicer.

(2) I obtained from Nationstar's system of record, as described above, information relating to the mortgage loan referenced herein.

(3) The precise address of the within named lender is:

**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD, COPPELL, TX 75019**

Witness my hand this _13th_ day of _July, 2016_

Signature of Agent of Lender

COPY

8300h 11/12

(page 5 of 5)

## Exhibit "A"

Property Address: **1023 SPRING GARDEN AVE, BERWICK, PA 18603**

Legal Description:

THE FOLLOWING DESCRIBED PROPERTY SITUATE IN THE BOROUGH OF BERWICK, COUNTY OF COLUMBIA, AND STATE OF PENNSYLVANIA, BOUNDED AND DESCRIBED AS FOLLOWS, TO WIT: BEGINNING AT THE SOUTHWESTERLY CORNER OF LOT NOW OR LATE OF GEORGE LUDWIG ON THE NORTHERLY SIDE OF SPRING GARDEN AVENUE; THENCE NORTH 70 DEGREES 20 MINUTES WEST, ALONG SPRING GARDEN AVENUE, A DISTANCE OF 43 FEET; THENCE ALONG LAND NOW OR LATE OF BRUCE C. DENT AND JEANETTE M. DENT, HIS WIFE, NORTH 20 DEGREES EAST, A DISTANCE OF 90 FEET; THENCE SOUTH 70 DEGREES 20 MINUTES EAST A DISTANCE OF 43 FEET TO LOT NOW OR LATE OF GEORGE LUDWIG; THENCE ALONG SAID LOT SOUTH 20 DEGREES WEST A DISTANCE OF 90 FEET TO THE PLACE OF BEGINNING. BEING THE SOUTHERLY HALF OF THE FOURTH LOT WEST OF AN ALLEY WHICH ALLEY RUNS ALONG THE WESTERLY LINE OF LAND OF ST. PAULS EVANGELICAL CHURCH, ACCORDING TO DRAFT OF MARTHA L. FERRIS LOTS, ORANGE STREET, BOROUGH OF BERWICK-BOYD TRESCOTT, REGISTERED ENGINEER, OCTOBER 23, 1931.